captain. The court are of opinion, that this is not material, so as to warrant granting a new trial. This, in two points of view : The testimony goes only to impeach the credit of what has been sworn, and not to establish any new fact. It is merely contradicting former evidence. In that point of view, it is not material : nor can it be so in another, unless the defendants can go further. The direction not to bring down the tobacco, was to a cartman. This is not sufficient; as *Watson* directed it to be sent as soon as possible. It ought to have been to the owner of the tobacco : or to have shown, that the request was brought home to the knowledge of the plaintiff : that it was made to a cartman, is not sufficient. The defendant's affidavit states two other witnesses who are material; but does not say to what facts they would testify : we cannot, therefore, judge, whether they are material or not. *Blackmer*, it is stated, will testify, that the tobacco was not marked till *Monday*. This will only go to impeach the credit of the testimony ; for, three witnesses swear to the fact of the marking being before one o'clock, on *Saturday*. The captain himself, does not pretend, that the reason for not taking it on board, was the hogsheads not being marked, but only, that he had not time. He does not pretend it was not ready to be taken on board.

New trial refused.

*Francis Huguet, Assignee of the Sheriff,* v. *James Hallet.*

THIS was a motion in an action on a bail-bond to set aside the proceedings and execution sued out. It appeared that soon after the bail-bond was prosecuted,

the attornies for both parties had entered into an agree-
ment, in the nature of a rule, to stay proceedings in the
bail-bond suit on the usual terms. That the defend-
ant had accordingly filed special bail in the original
suit, and had given the regular notice, but had not
paid the costs of this suit, as by the terms of the rule
he was bound to do. The plaintiff, on special bail
being entered, went on in the original suit, and in *Ju-
ly*, one thousand eight hundred and two, obtained fi-
nal judgment, on which execution was issued, and
thereupon satisfaction obtained. After this the plain-
tiff went on with this suit, entered a default, and in
*January* last obtained final judgment, and issued an
execution, on which the sheriff, by direction of the
plaintiff's attorney, levied the costs only, but still had
them in his hands. The defendant in the last vaca-
tion obtained an order of his honour, *Judge Radcliff*,
to stay all proceedings.

The application now was, that the sheriff restore to
the defendant so much of the money in his hands as
exceeds the costs which were due on the bail-bond
suit when the rule to stay proceedings was entered
into.

The counsel for the defendant produced an affida-
vit, by which it appeared, that the attorney for the
plaintiff had frequently given the attorney for the de-
fendant verbal notice that he was proceeding with the
bail-bond suit. But it did not appear that any bill of
costs had been presented, or any demand of a bill of
costs made on the one side, or of the costs on the
other.

*Colden*, for the defendant, contended, that special bail being filed under the rule, with an intent to stay the proceedings on the bail-bond, the plaintiff could not accept it or avail himself of it, unless it was to have that operation.

That the plaintiff could not proceed with both suits : at most he had but an option to proceed with either, but having elected to pursue the original suit, he thereby precluded himself from going on with the other.

That after the defendant had filed special bail the plaintiff might have gone on with his original suit, and the court would probably have compelled him, by attachment, to pay the costs in that on the bail-bond, up to that time.

That there was no precedent for this double proceeding, which was a strong evidence that it could not be right.

*Stuyvesant*, contra. It was the duty of the defendant to have paid the costs on the bail-bond, when he gave notice of special bail. The plaintiff had no other possible remedy for his costs than the mode he has adopted, and as the defendant's irregular conduct has compelled the plaintiff to proceed, the whole costs are due from the defendant, and are nothing more than the result of his own irregularity and obstinacy.

*Per Curiam.* This is a motion to set aside proceedings on the bail-bond on the facts stated by the affidavit. The suit was commenced in *January,*

1802, returnable in *April*. Afterwards, in *May*, the action on the bail-bond was brought. Shortly after, the plaintiff's attorney received notice of bail in the original action and then delivered a declaration. He went on to judgment, and proceeded on the bail-bond to recover costs. The plaintiff's attorney states that he called on the attorney of the defendant, and requested him to pay the costs on the bail-bond, which he did not do, though no regular bail had been put in. On this, proceedings were continued in the bail-bond suit to judgment, on which an execution has issued for the costs. The application is to set aside the proceedings and execution in the bail-bond suit. It is established, with respect to tendering costs on a rule to stay proceedings on the bail-bond, that it is the defendant's duty, when the rule is obtained, to plead and tender costs.\* There was no rule to stay proceedings : but an equivocal agreement in the place of that rule, and should receive the same construction. It was the duty of the attorney of the defendant to plead and pay costs. This would have been ordered had he not proceeded in the original suit : but when he did that, it was a waiver of his proceedings on the bail-bond, and a waiver of the right to a plea from the opposite side. The proceedings must be set aside on payment of costs up to the time when special bail was entered and notice of that bail given.†

\* *Cannon*, manucaptor, ads. *Cathcart*, *ante*, p. 84.

† See *Grove* ads. *Campbell*, *ante*, p. 115.

## *W. P. Van Ness* v. *George Gardiner*.

THE last proclamation of a fine had been omitted; it ought regularly to have been made last term; the application now was, to have it made *nunc pro tunc*, and indorsed as of the last term.